# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL VALLOT,**

       **Plaintiff,**

**v.**                                 **Case No:  6:12-cv-1561-Orl-31KRS**

**LOGANS ROADHOUSE, INC.,**

       **Defendant.**

_____

# ORDER

This matter comes before the Court without a hearing on the Motion for Summary Judgment (Doc. 23) filed by the Defendant, Logan's Roadhouse, Inc., ("Logan's"), the response in opposition (Doc. 30) filed by the Plaintiff, Michael Vallot ("Mr. Vallot"), and the reply (Doc. 33) filed by Logan's.

## I.  Background

Mr. Vallot, who was originally represented by counsel but now appears pro se, alleged that he slipped and fell, hitting his head and injuring his back while dining at a Logan's Roadhouse restaurant in Sanford, Florida. (Doc. 2). The discovery period in this case closed in July 15, 2013. (Doc. 12 at 1). Logan's seeks summary judgment on the grounds that no evidence demonstrates Logan's had actual or constructive notice of a transitory foreign substance—in this case an alleged greasy or slippery substance on the floor.

## II.  Legal Standard

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56. Which facts are material depends on the substantive

law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the nonmoving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

## III.    Analysis

### Whether Florida Statute § 768.0755 (2010) Applies Retroactively

The parties agree that this dispute is governed by the Florida statute on transitory foreign objects in premises liability actions ("slip and fall actions"). (*See* Docs. 23, 30, 33). The transitory object in question is alleged to be a greasy or slippery substance under peanut debris on the floor of the Logan's restaurant. (Doc. 30 at 8; Doc. 30-1 ¶ 5-6). There is disagreement, however, about whether Florida Statute § 768.0710 (2002) or Florida Statute § 768.0755 (2010) applies.[1] These

---

[1] Mr. Vallot also appears to rely, to some extent, on the standard set out in *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315 (Fla. 2001). (*See* Doc. 30 at 6-7, 9 (comparing this case to *Owens* and, towards the end of his argument, seemingly invoking the reasoning in *Owens*)). However, he acknowledges that *Owens* was displaced by the legislature. (*Id.* at 7). It is, therefore,

statutes govern which parties bear what burdens of proof in slip and fall actions—§ 768.0710 does not expressly require the defendant to have actual or constructive knowledge of the foreign object or substance, while § 768.0755 does. Section 768.0710 was repealed on June 30, 2010 and § 768.0755 became effective on July 1, 2010. Mr. Vallot's fall allegedly occurred on or around March 28, 2010. Thus, § 768.0710 governs the case unless § 768.0755 is retroactive.

On April 24, 2013 Florida's Third District Court of Appeal decided *Kenz v. Miami-Dade Cnty.*, 116 So. 3d 461, 464 (Fla. Dist. Ct. App. 2013), which held that Florida Statute § 768.0755 is procedural and therefore retroactive. Plaintiff cites federal cases predating *Kenz* for the proposition that the § 768.0755 is not retroactive. (Doc. 30 at 9 (citing *Mills v. Target Corp.*, No. 5:10-cv-263-Oc-32TEM, 2010 WL 4646701 (M.D. Fla. 2010) and *Kelso v. Big Lots Stores, Inc.*, 8:09-CV-01286, 2010 WL 2889882 (M.D. Fla. July 21, 2010)). Prior to *Kenz*, federal courts applying Florida law split on whether § 768.0755 is retroactive. *See, e.g., Yates v. Wal-Mart Stores, Inc.*, No. 5:10-cv-226, 2010 WL 4318795, at *1 (N.D. Fla. Oct. 27, 2010) (finding it applies retroactively) *with Mills*, No. 5:10-cv-263-Oc-32TEM, 2010 WL 4646701, at *2 (finding it applies only prospectively). However, in the absence of a ruling by the Florida Supreme Court, federal courts applying Florida law must follow the rulings of Florida's district courts of appeal unless there is indication the Florida Supreme Court would not follow a district court's decision. *See Geary Dist. Co., Inc. v. All Brand Importers*, 931 F.2d 1431, 1434 (11th Cir.1991), cert. denied, 502 U.S. 1074 (1992). As such, this Court must follow *Kenz* and apply § 768.0755 retroactively.

---

not necessary to discuss whether *Owens* applies here.

**Application of Florida Statute § 768.0755 (2010) In this Case**

Logan's has established a lack of evidence regarding its actual or constructive notice of the slippery substance and Mr. Vallot's submissions in opposition have not raised a genuine issue of material fact. As such, under Federal Rule of Civil Procedure 56 and Florida Statute § 768.0755, Logan's is entitled to summary judgment.

While Mr. Vallot has offered various facts indicating the presence of a slippery substance, nothing in the affidavits he submitted or his deposition testimony indicates that anyone informed Logan's of the greasy or slippery substance prior to his fall. Neither has there been any factual submission indicating the slippery substance had been on the floor for any duration of time, that slippery substances are on the restaurant floor with regularity, or that Logan's caused the substance to be there. In opposition to summary judgment Mr. Vallot asserts that "[t]he conditions where the Plaintiff slipped existed long enough for the management to have rendered [sic] to the problem by cleaning it up from the outset . . . ." (Doc. 30 at 8). However, this allegation is not supported by any fact. Mr. Vallot admits that he does not know if the greasy substance had been on the floor even one minute before he fell or if any Logan's employee knew of it. (Doc. 30-3 at 72:16-24).

In his deposition Mr. Vallot testified that he did not know: (1) if he saw the greasy substance (Doc. 30-3 at 59:4-8); (2) how the substance got on the floor (*Id.* at 71:20-22); (3) what caused the substance to be on the floor (*Id.* at 71:25-72:2); (4) if the substance was there one minute before he fell (*Id.* at 72:16-19); (5) whether Logan's or any employees knew that the substance was on the floor (*Id.* at 72:21-24); and (6) who spilled the substance or how it got spilled (*Id.* at 73:3-7). Neither his depositions nor his affidavits in opposition to summary judgment demonstrate that Logan's had actual or constructive notice of the slippery substance. As

such, summary judgment is appropriate. § 768.0755 Fla. Stat.; *see also Delgado v. Laundromax,*

*Inc.*, 65 So. 3d 1087 (Fla. Dist. Ct. App. 2011) (applying earlier law, § 768.0710 Fla. Stat., but

finding actual or constructive notice necessary); *Oken ex rel. J.O. v. CBOCS, Inc.*, 8:12-CV-782-

T-33MAP, 2013 WL 2154848 (M.D. Fla. May 17, 2013) (finding summary judgment appropriate

under either § 768.0710 Fla. Stat. or § 768.0755 Fla. Stat. and stating "nothing in the record to

suggest that Cracker Barrel had actual or constructive notice of the water on the floor"); *Gordon v.*

*Target Corp.*, 07-80412-CIV, 2008 WL 2557509 (S.D. Fla. June 23, 2008) ("The mere fact that

one slips and falls on a floor does not constitute evidence of negligence, nor does the fact that a

floor was slick make the owner liable.").

### IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 23) is **GRANTED**. The Clerk is

directed to enter judgment in favor of the Defendant and against the Plaintiff and, thereafter, to

close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 20, 2013.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party