**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MICHAEL VALLOT,

        Plaintiff,

v.                                            Case No: 6:12-cv-1561-Orl-31KRS

LOGANS ROADHOUSE, INC.,

        Defendant.

## ORDER

This cause comes before the Court on a motion for reconsideration (Doc. 36) filed by Plaintiff Michael Vallot ("Mr. Vallot"). For the reasons discussed below, the Motion will be denied.

**I. Standard**

The proper standard of review when considering a motion to reconsider is explained in *Prudential Securities, Inc. v. Emerson*, 919 F.Supp. 415, 417 (M.D. Fla.1996). "This Court will not amend a prior decision without a showing of 'clear and obvious error' where the 'interests of justice' demand correction." *Id.* (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir.1985)). Furthermore, motions for reconsideration are not to be used " 'to raise arguments, which could and should have been made earlier.' " *Id.* (quoting *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir.1990)). "The reconsideration of a previous order is an 'extraordinary remedy' and 'must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.' " *Beeders v. Gulf Coast Collection Bureau*, 09CV00458T1 7EAJ, 2009 WL 3013502, at *1 (M.D.Fla. Sept.16, 2009) (citing *Lamar Advertising of Mobile, Inc., v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla.1999)).

This Court has identified three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon, & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla.1994); *see also Beeders*, 09CV00458T1 7EAJ, 2009 WL 3013502. "Motions for rehearing 'should not be used "to raise arguments which could, and should, have been made" ' earlier." *Prudential Securities, Inc.*, 919 F.Supp. at 417 (citing *Lussier*, 904 F.2d at 667 (quoting *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). Denial of a motion for reconsideration is proper "when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation." *Id.* (quoting *Lussier*, 904 F.2d at 667).

**II. Discussion**

Mr. Vallot moves for reconsideration on the same bases that he argued in his opposition to the Defendant's Motion for Summary Judgment. Mr. Vallot fails to identify any change in the law. He fails to indicate any new evidence that may demonstrate that Logan's Roadhouse, Inc. ("Logan's") had notice of an alleged slippery substance on the floor of its restaurant in Sanford, Florida when Mr. Vallot fell. Finally, Mr. Vallot simply presented his disagreement with the Court's ruling; he does not explain what manifest injustice has occurred.

Mr. Vallot attempts to have the Court reexamine *Freemon v. Logan's Roadhouse, Inc.*, M200701796COAR3CV, 2009 WL 499471 (Tenn. Ct. App. Feb. 25, 2009), which was submitted with his opposition to summary judgment. (Doc. 30-2 at 24). *Freemon* was already considered by the Court, it is non-binding, and it was decided on the issue of duty rather than notice. He also, again, attempts to assert the Court should not rely on *Kenz v. Miami-Dade County.*, 116 So. 3d 461, 464 (Fla. Dist. Ct. App. 2013), but fails to address that the Court is bound to do so, *see Geary*

*Dist. Co., Inc. v. All Brand Importers*, 931 F.2d 1431, 1434 (11th Cir.1991), cert. denied, 502 U.S. 1074 (1992).

To the extent any of these arguments are new, Plaintiff fails to articulate any reason for his failure to raise them earlier.

It is therefore

**ORDERED**, Plaintiff's Motion for Reconsideration (Doc. 36) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 1, 2013.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party